UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PATRICK GALOUSTIAN, | CASE NO. C26-1847-KKE |
| Petitioner(s), | |
| v. | ORDER GRANTING IN PART HABEAS PETITION |
| BRUCE SCOTT, et al., | |
| Respondent(s). | |

Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, asserting that his continued detention without a bond hearing has become prolonged and no longer reasonably relates to its statutory purpose. Dkt. No. 1. Petitioner argues that the appropriate remedy for his unlawful detention is immediate release. *Id*. The Government[1] filed its return and briefing on Petitioner's habeas petition is now complete. Dkt. Nos. 1, 4, 8. For the reasons below, the Court will grant Petitioner's habeas petition in part and will order the Government to provide him with a constitutionally sufficient bond hearing.

## I.   BACKGROUND

Petitioner is a native and citizen of Iran who entered the United States in 1984 with a B2 visitor visa. Dkt. No. 6 ¶ 4, Dkt. No. 7-2. In 2003, Petitioner filed a petition for alien relative with

---

[1] This order refers to the federal Respondent—United States Department of Homeland Security ("DHS") Secretary MarkWayne Mullin—as "the Government."

ORDER GRANTING IN PART HABEAS PETITION - 1

United States Citizenship and Immigration Services, which was approved in 2007, but Petitioner did not thereafter apply for adjustment of status. Dkt. No. 6 ¶ 5.

In 2019, Petitioner was convicted of several felonies and sentenced to an 18-year term of incarceration. Dkt. No. 7-1.[2] When he was released from prison on March 6, 2025, United States Immigration and Customs Enforcement ("ICE") detained him. Dkt. No. 6 ¶ 9. Petitioner was transferred to the Northwest ICE Processing Center ("NWIPC") that day. *Id.* ¶ 10.

While in detention, Petitioner filed applications for asylum and withholding of removal, and applied to register permanent residence or adjust status with the immigration court. Dkt. No. 6 ¶ 14. The immigration judge denied Petitioner's applications for relief and ordered him removed to Iran, and Petitioner appealed to the Board of Immigration Appeals. Dkt. No. 7-3. Petitioner's BIA appeal is still pending, and Petitioner cannot be removed until the appeal is resolved. Dkt. No. 6 ¶¶ 18, 21.

Petitioner filed the pending habeas petition in May 2026, arguing that his detention is unlawful and that he is entitled to immediate release. Dkt. No. 1. The petition is now fully briefed and ripe for resolution.

## II.    ANALYSIS

### A.    Legal Standards

Federal courts have authority to grant writs of habeas corpus to an individual in custody if such custody is a "violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). In this case, Petitioner contends that his prolonged detention without a bond hearing violates the Due Process Clause of the Fifth Amendment to the United States Constitution, which prohibits the federal government from depriving any person of "life, liberty, or property,

---

[2] The judgment describes Petitioner as a "naturalized" citizen. Dkt. No. 7-1 at 5.

ORDER GRANTING IN PART HABEAS PETITION - 2

without due process of law[.]" U.S. CONST. AMEND. V.  The right to due process extends to "all 'persons' within the United States, including [non-citizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).  "Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment." *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976).

The Court will consider whether Petitioner's continued detention without a bond hearing comports with the constitutional due process requirements consistent with the applicable detention authority.

**B.     Petitioner is Detained Under 8 U.S.C. § 1226(c).**

To determine whether Petitioner's detention complies with due process, the Court must first determine the statutory authority governing Petitioner's detention.  *See Prieto-Romero v. Clark*, 534 F.3d 1053, 1057 (9th Cir. 2008) ("Where an alien falls within this statutory scheme can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention.").

The Government argues that Petitioner falls within the mandatory detention scheme under 8 U.S.C. § 1226(c) as a noncitizen who has been previously admitted but has been convicted of committing an aggravated felony, namely murder, rape, or sexual abuse of a minor.  Dkt. No. 4 at 5.

Under Section 1226(c), DHS "shall take into custody any alien who is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(iii) of this title."  This includes an admitted noncitizen "who is convicted of an aggravated felony at any time after admission[.]" 8 U.S.C. § 1227(a)(2)(A)(iii).  The Government may release noncitizens detained under this section "only if" release "is necessary to provide protection to a witness, a potential witness, a

ORDER GRANTING IN PART HABEAS PETITION - 3

person cooperating with an investigation and the alien satisfies the Attorney General that the alien will not pose a danger to the safety of other[s] ... and is likely to appear for any scheduled proceeding." Section 1226(c)(4). Thus, noncitizens detained under this category are not entitled to bond hearings as a matter of course. *See Jennings v. Rodriguez*, 583 U.S. 281, 303–304 (2018) ("[B]y expressly stating that the covered aliens may be released 'only if' certain conditions are met, § 1226(c)(2), the statute expressly and unequivocally imposes an affirmative *prohibition* on releasing detained aliens under any other conditions.").

Here, as support for its argument that Petitioner has been convicted of an aggravated felony, the Government cites the notice to appear that was issued on the day that Petitioner was arrested. Dkt. No. 4 at 5. The notice to appear charges Petitioner as removable under 8 U.S.C. § 1227(a)(2)(A)(iii) for having been "convicted of an aggravated felony as defined in § 101(a)(43)(A) of the [Immigration and Nationality Act,] a law relating to Murder, Rape OR Sexual Abuse of a Minor." Dkt. No. 7-2 at 2. The habeas petition and traverse specifically argue that the Government has repeatedly falsely described Petitioner's crimes as involving a minor (Dkt. No. 1 at 5, Dkt. No. 8 at 7), but Petitioner does not dispute that he has been convicted of an aggravated felony for purposes of removability or detention under Section 1226(c). Thus, the Court finds that Petitioner is detained under Section 1226(c).

## C.    Petitioner's Detention Has Become Unreasonable.

When faced with a petitioner detained under Section 1226(c) who has yet to receive a bond hearing, courts in this district apply a "multi-factor analysis … to determine whether § 1226(c) detention has become unreasonable" and therefore violates due process. *Martinez v. Clark*, No. C18-1669-RAJ-MAT, 2019 WL 5968089, at *9 (W.D. Wash. May 23, 2019). Under *Martinez*, courts consider: (1) the total length of detention to date, (2) the likely duration of future detention, (3) whether the detention will exceed the time the petitioner spent in prison for the crime that made

ORDER GRANTING IN PART HABEAS PETITION - 4

him removable, (4) the nature of the crimes the petitioner committed, (5) the conditions of detention, (6) delays in the removal proceedings caused by the petitioner, (7) delays in the removal proceedings caused by the Government, and (8) the likelihood that the removal proceedings will result in a final order of removal. *Id*.

Consistent with *Martinez* and the many other courts in this district that have applied the *Martinez* test, the Court will consider the *Martinez* factors to determine if Petitioner's detention without a bond hearing violates the Constitution.

### 1. Total Length of Detention To Date

The total length of detention to date is the most important factor. *Martinez*, 2019 WL 5968089, at *9. Here, Petitioner has been detained since March 2025 (approximately 15 months), which is longer than the petitioner in *Martinez*. This factor weighs heavily in Petitioner's favor. *See Dinh v. Scott*, No. 2:26-cv-01745-JHC, 2026 WL 1723686, at *3 (W.D. Wash. June 15, 2026) (summarizing cases where petitioners had been detained for 13 months or fewer, and courts found that the first *Martinez* factor favored petitioners).

### 2. The Likely Duration of Future Detention

The Government argues that the Court should not speculate as to how long Petitioner is likely to be detained, given Petitioner's pending BIA appeal and the uncertainty of whether "additional administrative or judicial processes will be required." Dkt. No. 4 at 10. Although the Government asserts that this factor is therefore "at worst" neutral, the Government provides no basis for the Court to find that Petitioner's future detention is likely to be brief. BIA appeals can stretch to longer than six months, and if the BIA denies his appeal, Petitioner can appeal to the Ninth Circuit Court of Appeals, where appeals may not be resolved for more than another year or two. *See Garcia Puron v. Hernandez*, No. 2:26-cv-01428-TLF, 2026 WL 1660337, at *4 (W.D.

ORDER GRANTING IN PART HABEAS PETITION - 5

Wash. June 9, 2026). It therefore appears likely that Petitioner's order of removal may not become administratively final for many more months and potentially years.

And notably, even if Petitioner's order of removal does become administratively final, the Government's ability to remove Petitioner to Iran may be limited. *See, e.g.*, *Rahmani v. Bondi*, No. C26-362-KKE, 2026 WL 638364, at *4 (W.D. Wash. Mar. 6, 2026) (discussing Iran's refusal to cooperate in facilitating the removal of its citizens from the United States). This factor thus strongly favors Petitioner.

### 3. Length of Detention vs. Length of Imprisonment

Petitioner was imprisoned for about six years for his crimes, which is longer than his detention. This factor favors the Government.

### 4. Nature of Petitioner's Crimes

Petitioner's criminal history includes some serious (although non-violent) felonies, for which he served a period of imprisonment and completed rehabilitation programs. *See* Dkt. No. 7-1 at 2–4. This factor favors the Government.

### 5. Conditions of Detention

Petitioner suffers from kidney disease and a genetic disorder for which, prior to detention, he sought specialized care from nephrologists and urologists. Dkt. No. 1 at 6–7. The Government submitted a declaration from the NWIPC's clinic director, describing Petitioner's medical complaints and treatment to date. Dkt. No. 5. Although it appears that Petitioner has been able to access care for his medical conditions, the Government's evidence also corroborates Petitioner's reports of suffering multiple assaults causing physical and mental symptoms while detained at NWIPC. *Id.* ¶¶ 12–15. The Government does not address Petitioner's complaints of being housed in protective isolated confinement for prolonged periods due to other detainees' false perception that Petitioner's criminal history involved crimes against children, nor does the Government

dispute Petitioner's reports that at NWIPC he has limited recreation and inadequate food.  *See* Dkt. No. 1 at 19.  Other petitioners have reported similar conditions at NWIPC.  *See, e.g.*, *Hossain v. Scott*, No. 2:26-cv-00923-LK, 2026 WL 1533003, at *6 (W.D. Wash. June 1, 2026).  Accordingly, the Court disagrees with the Government that this factor is at worst neutral (Dkt. No. 4 at 10); instead, the Court finds that it favors Petitioner.

6.  Delays Caused by Petitioner

This factor is neutral because Petitioner has not delayed his removal.

7.  Delays Caused by the Government

This factor is neutral because the Government has not delayed Petitioner's removal.

8.  Likelihood that Removal Proceedings Will Result in a Final Order of Removal

The Court has no information that would allow it to predict the outcome of Petitioner's BIA appeal or any other subsequent appeals or proceedings.  Accordingly, this factor is neutral.

In sum, the most important *Martinez* factor weighs heavily in Petitioner's favor, and of the remaining seven factors, two favor Petitioner (one strongly), two favor the Government, and three are neutral.  On balance, the *Martinez* factors favor Petitioner and the Court therefore finds that Petitioner's continued detention is unconstitutional for its indefinite length.

### III.   REMEDY

Having determined that Petitioner's detention violates his constitutional right to due process, the Court finds Petitioner's detention to be unlawful and will grant the habeas petition. The Court must now determine the appropriate remedy.

"In habeas cases, federal courts have broad discretion in conditioning a judgment granting relief."  *Lujan v. Garcia*, 734 F.3d 917, 933 (9th Cir. 2013).  "Federal courts are authorized, under 28 U.S.C. § 2243, to dispose of habeas corpus matters as law and justice require."  *Id*.

(quoting *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987)). "Declaratory and injunctive relief are proper habeas remedies." *Perera v. Jennings*, 598 F. Supp. 3d 736, 742 (N.D. Cal. 2022).

Here, although Petitioner requests release from detention instead of a bond hearing, his briefing cites no authority to support that request in the Section 1226(c) context. The Court will deny Petitioner's request for release, instead finding that the proper remedy for Petitioner's unconstitutionally prolonged detention is a bond hearing. *See Dinh*, 2026 WL 1723686, at *4 (citing *Martinez*, 2019 WL 5968089, at *11). The bond hearing shall comport with procedural requirements as described by the Ninth Circuit, in that the immigration court must provide a contemporaneous record of the hearing and the Government bears the burden to justify detention by clear and convincing evidence. *See Martinez v. Clark*, 124 F.4th 775, 786 (9th Cir. 2024); *Maliwat v. Scott*, No. 2:25-cv-00788-TMC, 2025 WL 2256711, at *10 (W.D. Wash. Aug. 7, 2025).

### IV.   CONCLUSION

For these reasons, the Court GRANTS IN PART the habeas petition. Dkt. No. 1. The Court ORDERS that the Government shall provide Petitioner an individualized bond hearing no later than July 6, 2026, although if Petitioner requests additional time to prepare, an immigration judge may grant a motion to continue the bond hearing.

The Government is ORDERED file a status report no later than July 10, 2026, to confirm that Petitioner was provided the bond hearing as described in this order.

Dated this 22nd day of June, 2026.

Kymberly K. Evanson
United States District Judge

ORDER GRANTING IN PART HABEAS PETITION - 8